**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MR. RENE D. EDWARDS,<br><br>    Plaintiff,<br><br>v.<br><br>MR. JOHN FALVEY,<br><br>    Defendant. | Civil Action No. 14-5753 (PGS)<br><br>MEMORANDUM OPINION |

It appearing that:

1. Plaintiff Rene D. Edwards ("Plaintiff"), a convicted prisoner confined at New Jersey State Prison in Trenton, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

2. In his Complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendant John Falvey, a government records custodian for the State of New Jersey, violated Plaintiff's constitutional rights when he rejected Plaintiff's request for prison records. Specifically, Plaintiff filed a request pursuant to the New Jersey Open Public Records Act ("OPRA") seeking to obtain copies of records related to the sexual assault he suffered while in prison. (Compl. ¶ 6.) Pursuant to various exceptions to OPRA which prevents release of certain prison records, Defendant Falvey denied Plaintiff's request. (*Id.*) It appears that Plaintiff filed an appeal of that denial with the

Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

    4. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

    5. In this case, Plaintiff has failed to identify any federal constitutional rights which have been violated. He only alleged that Defendant Falvey improperly denied him access to documents under state law, however he fails to identify any constitutional rights under the United States Constitution which are implicated by that denial. As such, the Complaint will be dismissed without prejudice in its entirety. *See Slaughter v. Perry*, No. 12-2577, 2012 WL 4891698, at *3 (D.N.J. Oct. 12, 2012) ("Defendant['s] actions to deny Plaintiff's OPRA request cannot be shown to have violated any constitutional standards"). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted

herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]

      6. An appropriate order follows.

Dated: 10/30/15

                                              /s/ Peter G. Sheridan
                                              Peter G. Sheridan, U.S.D.J.

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*